IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

1200 BLDG LTD )
THE NORTHWEST ACADEMY, )
)
        Plaintiff, ) TC-MD 110818C
)
    v. )
)
MULTNOMAH COUNTY ASSESSOR, )
)
        Defendant. ) **DECISION**

Plaintiff has appealed Defendant's March 16, 2011, omitted property assessment for tax year 2006-07 through 2010-11, inclusive. The property at issue is identified in the assessor's records as Account R529750. The court held a hearing on the matter August 22, 2011, after which the parties submitted written memoranda supporting their respective positions on the question of whether the property should be exempt from taxes for the years at issue.

## I. STATEMENT OF FACTS

The parties agree to the following facts. The Portland Art Museum (the Museum) entered into a lease of the subject property in November 2003. (Ptf's Compl at 2.) In June of 2005, the Museum entered into a five-year lease extension with the owner of the property, James Winkler. (*Id.*) The Museum "assigned the balance of the 5 year lease extension to Northwest Academy on July 1st 2007." (*Id.*) The Northwest Academy is the plaintiff in the current appeal. The Northwest Academy did not file an application for exemption after it assumed the lease and began occupying and using the property. (Def's Memo at 1, Oct 22, 2011; *see* Ptf's Compl at 2.)

Prior to the subleasing of the subject property by the Museum to Plaintiff, the Museum filed an exemption application indicating that the space at issue was to be used for offices. (Def's Memo at 1, Oct 22, 2011.) Defendant contends that it "has information that the property

DECISION  TC-MD 110818C 1

was used for storage, not offices, during the 2006-07 tax year." (*Id.*) Plaintiff asserts that "[t]he premises in question were occupied by the Portland Art Museum until June 30, 2007. (Ptf's Memo at 1, Sept 19, 2011.) Plaintiff submitted with its Complaint a written statement by Rob Bearden that states in part: "[t]he Museum occupied the property continuously until it assigned of the balance of the 5 year lease extension to [Plaintiff] on July 1st 2007." (Ptf's Compl at 2.)

## II. ANALYSIS

ORS 307.130(1) and (2)[1] offer a property tax exemption to certain qualifying organizations and institutions, including art museums and other nonprofit entities. A separate statute, ORS 307.145, exempts schools and academies from property taxes. Both statutes require the entity seeking exemption to meet certain qualifying conditions (e.g., use and occupancy consistent with the work of the institution) and to file a claim for exemption. ORS 307.130(2) (requiring compliance with ORS 307.162); ORS 307.145(1) (requiring compliance with ORS 307.162). They both also require that the claimant own or be purchasing the property for which exemption is sought. ORS 307.130(2) and ORS 307.145(1).

ORS 307.112 extends the exemption available under ORS 307.130 and ORS 307.145 (as well as other enumerated statutes providing exemption) to organizations and institutions that are leasing or subleasing property from a taxable owner provided the lessee or sublessee is "granted exemption or the right to claim exemption." The deadline for the filing of such a claim is April 1 preceding the tax year for which the exemption is claimed. ORS 307.112(4)(a). The exemption available under that statute continues as long "as the use of the property remains unchanged." ORS 307.112(5)(a). Finally, as is relevant for this case, that statute provides that "[i]f the use changes due to sublease of the property [by the current exempt entity to another tax exempt

---

[1] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to the 2009 edition because there are no material differences among the 2005, 2007, and 2009 editions.

entity] the entity in possession of the property *must* file a new claim for exemption as provided in that statute. ORS 307.112(5)(c)(emphasis added).

It is undisputed that Plaintiff did not file a claim for exemption as required by ORS 307.112(5)(c) after the use of the property changed due to Plaintiff's assumption of the lease from the Museum on July 1, 2007.

Defendant presumably continued to exempt the property under the provisions of ORS 307.112(5)(a) because it was not informed or otherwise made aware of the fact that the Museum had subleased the property to Plaintiff. We know that Plaintiff did not file a claim as required by the statute. (Def's Memo at 1, Oct 22, 2011.) And the five-year lease extension between the Museum and the owner in June 2005 likely led Defendant to continue the exemption through the 2010-11 tax year.

Defendant at some point became aware that Plaintiff was in use and occupation of the subject property but had not filed the statutorily required exemption claim. Accordingly, on March 16, 2011, Defendant corrected the assessment and tax rolls by adding the value of the property to the rolls as omitted property in accordance with the provisions of ORS 311.205 to ORS 311.235. (Ptf's Compl at 1.) Such assessments can encompass "any year or years not exceeding five years prior to the last certified roll." ORS 311.216(1). There is no claim or indication of error in the statutorily required notification and correction procedures, and Defendant did not exceed the five-year omitted property assessment window.

In support of its quest for a favorable ruling from the court exempting the property from taxes for the years covered by the omitted property assessment (2006-07 through 2010-11), Plaintiff asks that the court "review the situation not only for the law but for the intention of the organization." (Ptf's Compl at 2.) Plaintiff goes on to explain its valuable service to the

Portland community and the financial hardship imposed by the assessment – a tax of $29,545.57. (*Id*. at 1 and 2.) That is indeed a considerable sum of money for a small nonprofit organization. Plaintiff further argues that "[t]here was no intention to avoid taxes on the property," and that the liability could have been reduced considerably if Defendant had sent Plaintiff a tax statement "after one year," because Plaintiff could then have filed a late application with payment of the late filing fee as authorized by ORS 307.112(4)(a)(B) and ORS 307.162(2)(a)(A). (Ptf's Compl at 2.) Plaintiff further argues that it has "responsibly filed the forms necessary for [its] other facilities and would have done so in this case had the circumstances been different either as a direct lease or on notification of non-filing, i.e. a tax statement." (*Id*.) Finally, Plaintiff states its "belie[f] that the intent of the law is to protect the citizens of Oregon [] to whom no damage has been done and who, in fact [,] have been served by the mission of our organization." (*Id*.)

The taxes Plaintiff seeks to avoid, taxes added as a result of the omitted property assessment, are imposed mandatorily under the law and the intention of the taxpayer is legally irrelevant. It is the law that governs the imposition of the tax and the court's decision regarding Plaintiff's appeal thereof. Nor can the court base its ruling on the hardship the assessment imposes on a taxpayer or a taxpayer's worthy and beneficial endeavors. While the intent of the law is to provide a property tax exemption to qualifying institutions and organizations, thereby relieving a financial burden and encouraging the activities performed by the various qualifying entities, the legislature also made it clear that certain procedural steps had to be followed if an otherwise qualifying entity is to receive the tax exemption.

As for fault, the only fault that matters legally in this case is Plaintiff's failure to file a claim for exemption after it assumed the lease from the Museum in July 2007 and moved into the property on or about that time. Plaintiff could, on its own accord, have filed a late application

under the provisions mentioned above, paying the late filing fee required by the statute, on or before December 31, 2007. *See* ORS 307.162(2)(a)(A). Plaintiff reveals its knowledge of the late filing provisions in the attachment to its Complaint. (Ptf's Compl at 2.) Moreover, Plaintiff has other facilities receiving exemption, and is therefore not a novice in these matters (nor a first-time filer eligible for beneficial treatment under ORS 307.162(2)(a)(B)). (Ptf's Compl at 2.)

Plaintiff argues it should at least be entitled to removal of the tax for the 2006-07 tax year because the Museum, which was the previous exempt tenant, occupied the premises until June 30, 2007. (Ptf's Memo at 1, Sept 19, 2011.) There appears to be no dispute that the Portland Art Museum was an[2] institution or organization that qualified for property tax exemption under ORS 307.130(1)(a) and (2)(f) (providing a tax exemption for "art museum[s]," which are defined in that statute as "nonprofit corporation[s] organized to display works of art to the public").

Plaintiff indicated that it was "prepared to submit * * * a sworn statement by the Museum's Director of Operations" that the premises were occupied by the Museum. (Ptf's Memo at 1, Sept 19, 2011.) There are several problems with that argument. First, the statute requires more than that the tenant *occupy* the premises. The property must be "actually and exclusively occupied or used *in the* literary, benevolent, charitable or scientific *work carried on by [the] institution*[]." ORS 307.130(2)(a)(emphasis added). With respect to art museums, the statute specifically requires that the property be "used in conjunction with the public display of works of art or used to educate the public about art * * *." ORS 307.130(2)(f). Defendant indicates it received "information that the property was used for storage * * * during the 2006-07 tax year." (Def's Memo at 1, Oct 22, 2011.) Plaintiff has not provided any evidence of that type

---

[2] At the time of the change of the use of the property on July 1, 2007, the statute requiring a new lease provided in relevant part "[i]f the lease or lease-purchase agreement is entered into after March 1 but not later than June 30, the claim *shall* be filed within 30 days after the date the lease or lease-purchase agreement is entered into if exemption is claimed for that year." ORS 307.112(4)(A)(a) (2005) (Emphasis added).

of activity by the Museum.  Accordingly, on the record before it, the court cannot conclude that the subject property was used in a qualifying manner for the 2006-07 tax year.

## III.  CONCLUSION

The court has carefully reviewed the matter and concludes that Plaintiff has not shown its entitlement to the exemption it seeks, or a partial cancellation of the taxes added by the omitted property assessment, and that Defendant correctly added the property to the assessment and tax rolls as omitted property for tax years 2006-07 through 2010-11 because there is insufficient evidence to establish that the property was used in the qualifying exempt manner for the 2006-07 tax year and Plaintiff did not file the statutorily required claim for exemption after it assumed the lease and moved into the property on or about July 2007.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied and Defendant's omitted property assessment, which added the value of the subject property, assessor's Account R529750, to the assessment and tax rolls for tax years 2006-07, 2007-08, 2008-09, 2009-10, and 2010-11, is upheld.

Dated this ____ day of March 2012.


_____
DAN ROBINSON
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Dan Robinson on March 12, 2012.  The Court filed and entered this document on March 12, 2012.*